IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR D. FINCH,<br><br>    Plaintiff(s),<br><br>v.<br><br>ALAMEDA COUNTY SHERIFF'S DEP'T, et al.,<br><br>    Defendant(s). | No. C 09-2627 CRB (PR)<br><br>ORDER OF SERVICE |

Plaintiff, a prisoner at Avenal State Prison, has filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 alleging that on January 23, 2009, while he was a pretrial detainee at the Alameda County Jail, Alameda County Deputy Sheriffs Foster, Manson and Brandon beat and assaulted him. Plaintiff also names the Alameda County Sheriff's Department.

**DISCUSSION**

A.    <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint

1    "is frivolous, malicious, or fails to state a claim upon which relief may be
2    granted," or "seeks monetary relief from a defendant who is immune from such
3    relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.
4    Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).
5        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
6    essential elements: (1) that a right secured by the Constitution or laws of the
7    United States was violated, and (2) that the alleged violation was committed by a
8    person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48
9    (1988).

B.   Legal Claims

The Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment.  Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) (citing Bell v. Wolfish, 441 U.S. 520, 535-39 (1979)).  Liberally construed, plaintiff's allegations that Alameda County Deputy Sheriffs Foster, Manson and Brandon beat and assaulted him state a cognizable § 1983 claim for use of excessive force in violation of the Due Process Clause and will be served on these three defendants.  But the Alameda County Sheriff's Department will be dismissed because it is named on the theory that it is liable for the actions of its employees and it well established that there is no liability under § 1983 under such a theory, i.e., a theory of respondeat superior liability.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another).

/

/

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the following defendants at the Alameda County Sheriff's Department: Alameda County Deputy Sheriffs Foster, Manson and Brandon. The Alameda County Sheriff's Department itself is dismissed, however.

2. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

    b. Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

    c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there

1    is no genuine issue of material fact--that is, if there is no real dispute about any
2    fact that would affect the result of your case, the party who asked for summary
3    judgment is entitled to judgment as a matter of law, which will end your case.
4    When a party you are suing makes a motion for summary judgment that is
5    properly supported by declarations (or other sworn testimony), you cannot simply
6    rely on what your complaint says.  Instead, you must set out specific facts in
7    declarations, depositions, answers to interrogatories, or authenticated documents,
8    as provided in Rule 56(e), that contradicts the facts shown in the defendant's
9    declarations and documents and show that there is a genuine issue of material
10   fact for trial.  If you do not submit your own evidence in opposition, summary
11   judgment, if appropriate, may be entered against you.  If summary judgment is
12   granted, your case will be dismissed and there will be no trial.  Rand v. Rowland,
13   154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

14        Plaintiff is also advised that a motion to dismiss for failure to exhaust
15   administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your
16   case, albeit without prejudice.  You must "develop a record" and present it in
17   your opposition in order to dispute any "factual record" presented by the
18   defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120
19   n.14 (9th Cir. 2003).

20        d.   Defendants shall file a reply brief within 15 days of the date
21   on which plaintiff serves them with the opposition.

22        e.   The motion shall be deemed submitted as of the date the
23   reply brief is due.  No hearing will be held on the motion unless the court so
24   orders at a later date.

25        3.   Discovery may be taken in accordance with the Federal Rules of
26   Civil Procedure.  No further court order is required before the parties may

1 conduct discovery.

2     4.    All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5     5.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: Jan. 12, 2010

                        CHARLES R. BREYER
                        United States District Judge